# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

KATRINA L. SCOTT,            )
                             )
           Plaintiff,        )
                             )
v.                           )     Case No. CIV-14-101-JHP-KEW
                             )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social       )
Security Administration,     )
                             )
           Defendant.        )

## REPORT AND RECOMMENDATION

Plaintiff Katrina L. Scott (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on March 4, 1970 and was 40 years old at the time of the ALJ's decision. Claimant obtained a GED as well as two years of college, obtaining an associates degree in criminal justice. Claimant has worked in the past as a clerical worker/bookkeeper. Claimant alleges an inability to work beginning April 1, 2007 due to limitations resulting from back problems,

numbness in the legs, and bladder problems.

**Procedural History**

On October 15, 2009, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision. The Appeals Council denied review but this Court reversed and remanded the decision on appeal.

On September 16, 2013, Administrative Law Judge ("ALJ") Bernard Porter conducted an administrative hearing in McAlester, Oklahoma. On January 14, 2014, the ALJ issued an unfavorable decision. The Appeals Council declined to review the decision on April 14, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform less than a full range of sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in finding Claimant could perform less than a full range of sedentary work.

**RFC Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of cervical disc disease; gastroesophageal reflux disease ("GERD"); hypertension; asthma; diabetes mellitus; neurogenic bladder; mild degenerative disc disease of the lumbar spine; fibromyalgia; syncope; and obesity. (Tr. 468). The ALJ concluded Claimant retained the RFC to perform less than a full range of sedentary work. In so doing, the ALJ found Claimant could lift/carry ten pounds occasionally and five pounds frequently, could push/pull as much as she can carry, was able to stand/walk for two hours total in an eight hour workday, was able to sit for six hours in an eight hour workday, was unable to use foot controls bilaterally and no overhead reaching. She could occasionally climb ramps and stairs, balance, stoop, crouch, and kneel but could never climb ropes, scaffolds and ladders or crawl. The ALJ found Claimant must avoid exposure to unprotected heights, moving mechanical parts, and temperature extremes. Time off task would be accommodated with normal breaks. (Tr. 476-77). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs

5

of food and beverage order clerk, clerical mailer, and optical goods assembler. (Tr. 485). Based upon this finding, the ALJ determined Claimant was not under a disability since October 15, 2009. (Tr. 486).

Claimant contends the ALJ's RFC determination was erroneous and not based on substantial evidence. Specifically, the ALJ found Claimant's neurogenic bladder was a severe impairment but failed to accommodate the requirement for that Claimant self-catheterize several times a day. The ALJ discussed Claimant's testimony that her condition required her to self-catheterize four to five times per day and later six to eight times per day. Her treating urology specialists advised her to perform these procedures and found the treatment was necessary. (Tr. 45, 434, 440, 478, 498, 668, 671). The ALJ failed to include any limitation for this condition in his RFC determination, despite finding the condition to be a severe impairment and thus would create a work-related restriction. Soc. Sec. R. 96-8p. At the very least, the ALJ was required to discuss and explain "how a severe impairment at step two became insignificant at step five." Timmons v. Barnhart, 2004 WL 2005931, 4 (10th Cir.).

Moreover, the ALJ did not include any restriction necessarily imposed by the requirement for self-catheterization in his

6

hypothetical questioning of the vocational expert. As s result, the impact of this condition upon the representative jobs available to Claimant is not known from the evidence. On remand, the ALJ shall discuss his basis for not including restrictions in his RFC determination for the frequent self-catheterization required by Claimant's neurogenic bladder.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE