**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KATRINA L. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-101-JHP-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Claimant's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #25). By Order entered May 27, 2016, United States District Judge James Payne who presides over this case referred the subject Motion to the undersigned for the entry of Findings and a Recommendation. By Order and Judgment entered November 17, 2015, Judge Payne reversed the decision of the Commissioner to deny Claimant's application for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 26.90 hours of time expended by her attorney at the stipulated fee rate and 1.80 hours for counsel's paralegal for a total request of $5,286.00 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United

States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that the ALJ adequately considered and accommodated Claimant's neurogenic bladder and the requirement for self-catheterization upon her ability to engage in basic work activities. This Court determined that the ALJ failed to address the condition in the residual functional capacity assessment or the hypothetical questioning of the vocational expert. The ALJ also failed to explain how the condition which was found to be a severe impairment

at step two imposed no limitation upon Claimant at step five.  Such deficiencies are not substantially justified.

IT IS THEREFORE ORDERED that Claimant's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #25) is hereby **GRANTED** and that the Government be ordered to pay Plaintiff's attorney's fees in the total amount of $5,286.00.  In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel.  Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b).  In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff.  Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on the findings made herein.

IT IS SO ORDERED this 21st day of November, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE